**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-25-01316-001-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Kenneth John Cicolella, | |
| Defendant. | |

Pending before this Court are: (1) Plaintiff's Motion to Compel (Doc 48); 2) Plaintiff's Second Motion to Compel (Doc 50); 3) Plaintiff's Notice (Doc. 51); and, 4), Plaintiff's Motion for Sanctions. For the following reasons each of the three Motions and the Notice (to the extent it seeks relief from this Court) is denied.

Plaintiff's First Motion to Compel (Doc. 48) is not meaningfully distinct from his Second Motion to Compel (Doc. 50). In each, Defendant asks for a paper original of the complete discovery and then lists the discovery which he expects to receive in items enumerated 1(A) through 1(D).

Nevertheless, in its Response, the government establishes that it has already provided directly to defendant copies of the discovery that could be reasonably printed. It has further provided electronic copies of all discovery to Defendants' two prior counsel, and has again provided all of the discovery to Mr. Cicolella's present stand-by counsel in electronic format. The government explains that it must provide part of the discovery in electronic format because the discovery includes "video/audio files and large spreadsheets

(.html Excel and Cellebrite files) and other voluminous native files that could not be printed." The government further notes that it has provided a discovery log to the Defendant, listing the files by Bates number and noting which files could not be printed. It attaches this discovery log to its Response. The government notes that, as is reflected in this discovery log

> the government has already produced the items specifically identified in Defendant's motion to the extent such items exist. The 'original warrants and 30 day return for: 8510, 8511, 8512, 8513, and 8514' (item 1(a) in defendant's motion) were produced at Bates 000015-79, 123-124, 188-212 and 671. There was no arrest warrant (item 1(B) or 'exigent circumstances warrant; (item 1(c)). Reports regarding defendant's arrest, the investigation, and witness statements (item 1(d) were also produced as reflected in the discovery log (e.g. Bates 000012, 87-122, 210, 213-670 and 672-794).

Doc. 49 at 3. The government assures the Court that it will continue to comply with its ongoing discovery obligations, and the Court cannot discern from anything in Defendant's motions that it has not.

Defendant's two motions to compel, therefore, (Docs. 48 and 50) are denied, as is his motion for sanctions based on the government's production to date. (Doc. 52).

To the extent that Defendant's Notice (Doc. 51) and his Motion for Sanctions (Doc. 52) request this Court to open investigations into other serious alleged crimes, the Court notes that the United States Constitution vests the authority to investigate and enforce the law in the Executive and not the Judicial Branch of government. Therefore, this Court has no power, nor authority, to undertake the requested investigation(s). That request, is, therefore, also denied. Therefore,

IT IS ORDERED denying Defendant's Motions to Compel (Docs. 48 and 50), his Notice (Doc. 51), and his Motion for Sanctions/Motion to Dismiss Indictment (Doc. 52).

Dated this 20th day of May, 2026.

_____
G. Murray Snow
Senior United States District Judge