**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Kenneth John Cicolella,

Defendant.

No. CR-25-01316-001-PHX-GMS

**ORDER**

Pending before the Court is Kenneth John Cicolella's Motion to Suppress and Motion for a *Franks* Hearing. (Doc. 74). For the following reasons, the Motion is denied.

**BACKGROUND**

The government alleges that on the morning of September 17, 2025, Kenneth John Cicolella ("Defendant") posted a threat to his Facebook page while Defendant was traveling across the United States to attend the memorial service for Charlie Kirk.[1] (Doc. 80 at 2). Law enforcement officers in Mr. Cicolella's hometown of New Windsor, New York subsequently reported this alleged threat, along with Defendant's known cell phone number to the Federal Bureau of Investigation ("FBI") in Arizona. (*Id.*). On September 20, 2025, the FBI arrested the Defendant in Black Canyon City, Arizona. (*Id.*).

Defendant now seeks a *Franks* hearing to suppress evidence obtained pursuant to the cell phone tracking warrant issued on September 19, 2025 ("Warrant 1"), (Doc. 80-1),

[1] Charlie Kirk was an American political commentator, author, and media personality.

the warrant for the use of a cell-site simulator to locate Defendant's cell phone issued on September 20, 2025 ("Warrant 2"), (Doc. 80-2), and the warrant to search Defendant's cell phone issued on September 21, 2025 ("Warrant 3"). (Doc. 80-3). Defendant challenges the affidavits submitted by FBI Special Agent Jardan Smith in support of the warrants, arguing that Special Agent Smith provided false information to obtain the warrants. (Doc. 74 at 4).

## DISCUSSION

### I. Legal Standard

A defendant may obtain a *Franks* hearing to determine "the validity of the affidavit underlying a search warrant." *United States v. Norris*, 942 F.3d 902, 909 (9th Cir. 2019) (citation omitted). Thus, the inquiry for the hearing is limited to the warrant affidavit. *See id.* (describing the scope of a *Franks* hearing).

A hearing is appropriate only where the defendant can "make a substantial preliminary showing that: (1) 'the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant,' and (2) 'the false or misleading statement or omission was material, i.e., necessary to finding probable cause.'" *United States v. Norris*, 942 F.3d 902, 909–10 (9th Cir. 2019) (quoting *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017)). "Allegations of negligence or innocent mistake are insufficient" to warrant a hearing. *Franks v. Delaware*, 438 U.S. 154, 171 (1978).

There is a presumption of validity associated with a warrant affidavit. *Id.* Therefore, "[t]o justify a hearing, a defendant must make specific allegations, allege a deliberate falsehood or reckless disregard for the truth, and accompany such a claim with a detailed offer of proof." *United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008) (citation omitted). The defendant "bears the burden of proof and must make a substantial showing to support both elements." *United States v. Chavez–Miranda*, 306 F.3d 973, 979 (9th Cir. 2002).

## II. Analysis

Defendant challenges the sufficiency of the warrant affidavits in three filings.[2] (Docs. 74, 83, 85). However, these arguments do not satisfy Defendant's burden to make a substantial preliminary showing sufficient to warrant a *Franks* hearing. Because Defendant's failure to satisfy his burden on the first prong of the *Franks* test is dispositive, the Court does not consider the second prong. *See, e.g.*, *United States v. Shyrock*, 342 F.3d 948, 977 (9th Cir. 2003); *United States v. Bennett*, 219 F.3d 1117, 1125 (9th Cir. 2000) (finding denial of *Franks* hearing can be proper where the defendant failed to meet only one of the two prongs of the *Franks* test).

Defendant fails to demonstrate that the affiant intentionally or recklessly made false or misleading statements or omissions in support of Warrant 1, Warrant 2, or Warrant 3. Defendant claims that Special Agent Smith falsified the following parts of the affidavit: (1) the location of the alleged crime, (2) whether Special Agent Smith was duly sworn, (3) the circumstances surrounding the tip from New Windsor law enforcement, and (4) the timing of the location disclosures from the cell phone service provider. (Doc. 74 at 4).

Defendant did not show that the affiant made an intentionally or reckless false statement regarding the location of the crime, whether Special Agent Smith was duly sworn, or the involvement of New Windsor law enforcement. Defendant's argument is limited to the statement that "S.A. Smith perjured himself to the court with: 1) loc of alleged crime, being duly sworn, said he communicated with N.W. . . ." (Doc. 74 at 4). In this filing, Defendant includes an arrest warrant from an unrelated matter that does not speak to the falsity of these statements. (Doc. 74 at 6). Defendant does not provide any other evidence to suggest that these statements are false. Even if they were false, Defendant does not provide any evidence that they were made intentionally or recklessly. Therefore,

[2] In these filings, the Defendant also makes several arguments regarding the propriety of the Government's actions at the grand jury, Government's actions in discovery, the Government's emergency disclosure request to Verizon, and the Government's opening report. *See, e.g.*, Doc. 74 at 1–3, 5; 83 at 1–4; 85 at 1–4. As these arguments do not relate to the sufficiency of the warrant affidavits, they are not considered here, as they are outside of the limited scope of a *Franks* hearing. *See Norris*, 942 F.3d at 909 (describing the limited scope of a *Franks* hearing).

Defendant fails to support his allegations with the detailed offer of proof necessary for a *Franks* hearing on these three grounds.

Defendant also did not make the substantial preliminary showing that Special Agent Smith made an intentionally or reckless false statement concerning the timing of the location disclosures from Verizon. Defendant asserts that Special Agent Smith falsely testified that he obtained Defendant's phone location on September 19, 2025, when Warrant 2, the cell-site simulator warrant, was not issued until the following day—suggesting some form of suspicious activity. (Doc. 74 at 4) ("[W]hen SA Smith said service provider location on 9-19-2025. (when Smith is attempting/getting a warrant to locate phone on 9-20-25 @ 1:23 PM)"). This argument fails to account for Warrant 1, issued on September 19, 2025, which allowed for the tracking of Defendant's cell phone. Warrant 2 was simply a warrant for the use of a certain type of cell phone tracking technology known as a cell site simulator. Outside of this misunderstanding concerning the purposes of the warrants, Defendant brings no other evidence forward to suggest that Special Agent Smith made a false statement, failing to meet the burden under the first prong of *Franks*.

## CONCLUSION

**IT IS THEREFORE ORDERED** Defendant's Motion to Suppress and Motion for a *Franks* Hearing (Doc. 74) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will meet with the parties on **September 1, 2026** as previously scheduled but **at 10:00 a.m**. instead of 9:00 a.m. to resolve any other pending motions.

Dated this 31st day of August, 2026.

G. Murray Snow
Senior United States District Judge